## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| PATRICIA TOMASELLO and MARTIN MCMAHON,<br>**Plaintiffs,**<br><br>v.<br><br>JAMIE GREENZWEIG, *et al.*,<br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:20-cv-299 |

## <u>MEMORANDUM OPINION</u>

This case is the latest chapter in a saga that began when plaintiff Patricia Tomasello filed a federal discrimination lawsuit against Fairfax County in early 2015. The first chapter ended in early 2016 when summary judgment was entered in favor of the defendant and against Tomasello on all claims. Tomasello did not appeal that judgment. The second chapter began when plaintiff Tomasello filed a tortious interference and civil conspiracy lawsuit in Virginia state court against seventeen of her colleagues in the Fairfax County Fire Department in mid-2016. The second chapter ended in early 2017 when the Virginia state court dismissed with prejudice Tomasello's amended complaint for failure to state a claim. Again, Tomasello did not appeal the adverse decision.

This case is the third chapter in the saga and arises out of events that allegedly occurred during the second chapter. Specifically, the instant complaint alleges that the three defendants—Jamie Greenzweig (lead defense counsel in the prior Virginia state court action), Michael Reilly (a defendant in the prior Virginia state court action), and Hasina Lewis (local Virginia counsel for Tomasello in the prior Virginia state court action)—conspired against the plaintiffs—Patricia Tomasello (plaintiff in the prior Virginia state court action) and Martin McMahon (Tomasello's out-of-state lead counsel in the prior Virginia state court action) to obstruct justice and to prevent

Tomasello from exercising her right to file and to prosecute her civil action against members of the Fairfax County Fire Department. At issue are (i) Greenzweig and Reilly's motion to dismiss for lack of jurisdiction and for failure to state a claim and (ii) Lewis's motion to dismiss for failure to state a claim.

This matter has been briefed and is thus now ripe for disposition.[1] Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid in the decisional process.[2] For the reasons that follow, Greenzweig and Reilly's motion to dismiss for failure to state a claim is granted, Lewis's motion to dismiss for failure to state a claim is granted, and plaintiffs' complaint is dismissed.

## I.

The following facts are derived from (i) the well-pleaded allegations in the complaint and (ii) matters of public record of which a court may properly take judicial notice.[3]

---

[1] Plaintiffs have not filed briefs in opposition to the motions to dismiss that defendants have filed here. But this case was originally filed in the United States District Court for the District of Columbia prior to being transferred to the Eastern District of Virginia pursuant to § 1406(a). And plaintiffs filed a 49-page brief in opposition to Greenzweig and Reilly's motion to dismiss in the District of Columbia and a 25-page brief in opposition to Lewis's motion to dismiss in the District of Columbia. *See* Dkt. 12-1; Dkt. 15-1. Because defendants' post-transfer motions to dismiss raise the same arguments as the arguments made in defendants' pre-transfer motions to dismiss with respect to the complaint's failure to state a claim, the opposition briefs that plaintiffs filed in the District of Columbia have been considered in the adjudication of the motions at issue here.

[2] Rule 78, Fed. R. Civ. P., provides that a court may determine motions on the briefs without oral hearings. The hearing on these motions scheduled for June 19, 2020 is therefore cancelled.

[3] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record ...."); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-7 (4th Cir. 2006) (unpublished per curiam decision) (holding that a district court "may clearly take judicial notice" of state court records, including state court orders dismissing an action, on a motion to dismiss); *Blue Tree Hotels v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

As an initial matter, in order to understand the genesis and history of this saga, it is necessary to take judicial notice of two prior related cases filed by Tomasello. The first of these cases is a federal discrimination lawsuit filed in the United States District Court for the Eastern District of Virginia by Tomasello against Fairfax County (*"Tomasello I"*). The second is a tortious interference and civil conspiracy lawsuit filed in Fairfax County Circuit Court by Tomasello against seventeen employees of the Fairfax County Fire Department (*"Tomasello II"*).

- On March 25, 2015, Tomasello filed *Tomasello I* against Fairfax County,[4] alleging (I) discrimination on the basis of race and sex, in violation of Title VII; (II) retaliation, in violation of Title VII; (III) violation of Tomasello's First Amendment and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983; (IV) disability-based discrimination, in violation of the Americans with Disabilities Act ("ADA"); and (V) retaliation, in violation of the ADA.

- On January 13, 2016, a 56-page Memorandum Opinion and an accompanying Order issued that entered judgment as a matter of law in favor of Fairfax County in *Tomasello I*. Specifically, Tomasello's claims in Counts I, II, IV, and V for denial of equal employment opportunities in training, promotion, and benefits and in Count IV for (i) failure to accommodate and (ii) making improper medical inquiries were dismissed without prejudice for failure to exhaust administrative remedies. Judgment as a matter of law was entered in favor of Fairfax County and against Tomasello on all Tomasello's other claims in Counts I, II, III, IV, and V.[5] *See Tomasello v. Fairfax Cty.*, No. 1:15-CV-95, 2016 WL 165708, at *27 (E.D. Va. Jan. 13, 2016).

- Tomasello did not appeal the January 13, 2016 Memorandum Opinion and Order that granted summary judgment against Tomasello on all her claims in *Tomasello I*.

- Thereafter, on May 18, 2016 Tomasello filed *Tomasello II* in Fairfax County Circuit Court against Michael Reilly and sixteen other employees of the Fairfax County Fire Department ("FCFD").[6] In *Tomasello II*, Tomasello alleged three state law claims, (I) civil conspiracy to terminate plaintiff's employment; (II) malicious interference with an employment

---

[4] *See Tomasello v. Fairfax County*, 15-cv-95 (E.D. Va.).

[5] The claims on which judgment was entered in favor of defendant and against plaintiff as a matter of law were: (1) Tomasello's claims of (i) race and sex-based discrimination, (ii) retaliation based on Title VII protected activity, (iii) disability-based discrimination, and (iv) retaliation based on ADA protected activity in relation to Tomasello's transfer from the Fire and Hazardous Materials Investigative Services Section to the Operations Bureau of the Fairfax County Fire Department; (2) Tomasello's claims of a hostile work environment based on (i) her race and sex, (ii) her disability, and (iii) retaliation; and (3) Tomasello's § 1983 municipal liability claim.

[6] *See Tomasello v. Reilly*, Case No. CL 2016-0007306 (Fairfax County Circuit Court).

relationship; and (III) intentional infliction of emotional distress. Tomasello was represented by plaintiff Martin McMahon in *Tomasello II*.

- On October 14, 2016, the *Tomasello II* defendants' demurrer to Tomasello's complaint was sustained with leave for plaintiff to file an amended complaint.

- On November 4, 2016, Tomasello filed an amended complaint in *Tomasello II*, alleging the same three claims as alleged in the original complaint. On December 16, 2016, the *Tomasello II* defendants again filed a demurrer.

- A hearing was scheduled for January 6, 2017 on the *Tomasello II* defendants' demurrer to Tomasello's amended complaint. Because Tomasello's counsel did not file a timely response to defendants' demurrer, the Fairfax County Circuit Court rescheduled the hearing to January 20, 2017 to allow Tomasello to file a response.

- On January 20, 2017, no local counsel appeared on behalf of Tomasello. Accordingly, the Fairfax County Circuit Court heard oral argument only on behalf of the *Tomasello II* defendants.

- On January 20, 2017, the Fairfax County Circuit Court overruled the *Tomasello II* defendants' demurrer as to Counts I and II and sustained without leave to amend the *Tomasello II* defendants' demurrer as to Count III. The Fairfax County Circuit Court found that Count III failed to meet the required pleading standard.

- On January 27, 2017, the *Tomasello II* defendants filed a motion to reconsider the Fairfax County Circuit Court's January 20, 2017 Order.

- On January 30, 2017, the Fairfax County Circuit Court suspended its January 20, 2017 Order and provided Tomasello until February 3, 2017 to file a response to the *Tomasello II* defendants' motion to reconsider.

- Neither Tomasello nor anyone on her behalf filed any response to the *Tomasello II* defendants' motion to reconsider.

- On February 6, 2017, the Fairfax County Circuit Court entered an order that sustained with prejudice the *Tomasello II* defendants' demurrer as to Counts I and II. The February 6, 2017 Order held (i) that Tomasello's amended complaint had not met the elements for tortious interference with an employment contract with respect to Count II, (ii) that the tortious interference claim served as the basis for the civil conspiracy claim in Count I, and (iii) that Tomasello's amended complaint had not sufficiently pleaded the elements of a civil conspiracy claim. Specifically, the February 6, 2017 Order concluded that Tomasello's complaint failed to state a claim in Count I and in Count II because FCFD still employs Tomasello and therefore there was no termination of the at-will relationship between Tomasello and the FCFD when Tomasello was transferred. Accordingly, the Fairfax County Circuit Court dismissed Counts I and II for failure to state a claim.

- On February 17, 2017, the Fairfax County Circuit Court entered a final order dismissing with prejudice all of the claims in Tomasello's amended complaint in *Tomasello II*. The February 17, 2017 Order further stated that Tomasello's motion to reconsider the February 6, 2017 Order, which was filed on February 7, 2017, was stricken from the record and not considered by the Fairfax County Circuit Court because Tomasello's motion to reconsider was not signed by an attorney licensed to practice law in the Commonwealth of Virginia.

- On March 8, 2017, Tomasello filed a *pro se* application to reinstate her lawsuit against Michael Reilly, *et al.*

- On April 5, 2020, the Fairfax County Circuit Court denied Tomasello's application to reinstate her lawsuit for lack of jurisdiction.

- Tomasello did not appeal any of the Fairfax County Circuit Court's decisions in *Tomasello II*.

The foregoing pertinent events in *Tomasello I* and *Tomasello II* provide the appropriate background for this current chapter of the saga. Accordingly, it remains now to set forth the well-pleaded factual allegations in the instant complaint, *Tomasello III*.

- Plaintiff Patricia Tomasello is domiciled in Virginia and has been employed with the FCFD for over twenty years.

- Plaintiff Martin McMahon is a lawyer located in the District of Columbia. McMahon and his law firm represented Tomasello as lead counsel in *Tomasello II*. McMahon is not licensed to practice law in Virginia.

- Defendant Jamie Greenzweig is domiciled in Virginia and is an Assistant County Attorney for Fairfax County, Virginia. Greenzweig served as defense counsel in both *Tomasello I* and *Tomasello II*.

- Defendant Michael Reilly is domiciled in Virginia and has been employed with the FCFD for over twenty years, most recently as Deputy Fire Chief. Reilly was one of the defendants in *Tomasello II*.

- Defendant Hasina Lewis is domiciled in the District of Columbia and is a lawyer with a litigation practice in Fairfax County, Virginia. Lewis was Tomasello's local Virginia counsel in *Tomasello II* from October 2016 until "mid to late January 2017."[7] Lewis is licensed to practice law in Virginia.

- On February 14, 2019, plaintiffs filed the complaint in the instant matter in the United States District Court for the District of Columbia ("*Tomasello III*"). The complaint alleges

---

[7] Complaint, Dkt. 1, ¶ 4.

six claims: (I) Tomasello alleges that all three defendants deprived her of her right to prosecute her civil action in Virginia state court, in violation of 42 U.S.C. § 1983; (II) Tomasello alleges that all three defendants engaged in a civil conspiracy to obstruct justice in *Tomasello II*, in violation of 42 U.S.C. § 1985(2); (III) both plaintiffs allege a breach of contract claim against defendant Lewis; (IV) Tomasello alleges a negligence claim against defendant Lewis; (V) Tomasello alleges an intentional interference with contractual relations claim against defendants Greenzweig and Reilly; and (VI) Tomasello alleges a legal malpractice claim against defendant Lewis.

- On March 13, 2020, *Tomasello III* was transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).

- The complaint alleges that Greenzweig, Reilly, and Lewis conspired to ensure that no local Virginia-licensed attorney would be present in Fairfax County Circuit Court to represent Tomasello against dispositive motions filed by Greenzweig on behalf of the *Tomasello II* defendants.

- Because McMahon is not licensed to practice law in Virginia, McMahon sought to retain local Virginia counsel to assist with the prosecution of *Tomasello II*.

- Jameson Fox, an attorney with McMahon's law firm, initially served as Virginia counsel in *Tomasello II*. Fox left McMahon's law firm on or about July 15, 2016, but he never formally withdrew as counsel in *Tomasello II*.

- After Fox left McMahon's firm, McMahon hired Joshua Erlich to serve as Virginia local counsel in *Tomasello II*. Erlich withdrew from *Tomasello II* "a couple of weeks" after joining the case.[8]

- According to the complaint, Greenzweig threatened to file a sanctions motion and a bar complaint against Fox and Erlich, and Greenzweig's purported threats allegedly caused Fox to leave McMahon's law firm and Erlich to withdraw from *Tomasello II* shortly after joining the case.

- Defendant Lewis joined Tomasello's legal team in *Tomasello II* on October 11, 2016, after the departures of Fox and Erlich.

- The complaint alleges that after Greenzweig supposedly threatened Lewis with a sanctions motion and a bar complaint, Lewis joined a conspiracy with Greenzweig and Reilly.

- In furtherance of the alleged conspiracy, Lewis purportedly misrepresented to McMahon that McMahon had been admitted to the Fairfax County Circuit Court *pro hac vice*, and Greenzweig and Lewis scheduled two court hearings in January 2017 on dates when Lewis could not be present.

---

[8] Complaint, Dkt. 1, at ¶ 27.

- Lewis allegedly informed McMahon that she would no longer serve as local counsel in mid-to-late January 2017, but she never formally withdrew as counsel in *Tomasello II*.

- At the January 20, 2017 hearing on the *Tomasello II* defendants' demurrer to Tomasello's amended complaint, no attorney was permitted to speak on behalf of Tomasello because Lewis was not present, and McMahon had not been admitted *pro hac vice*.

- As noted, on January 20, 2017, the Fairfax County Circuit Court overruled the *Tomasello II* defendants' demurrer as to Counts I and II and sustained without leave to amend the *Tomasello II* defendants' demurrer as to Count III. The Fairfax County Circuit Court found that Count III failed to meet the required pleading standard. After the *Tomasello II* defendants filed a motion for reconsideration, the Fairfax County Circuit Court dismissed Counts I and II of Tomasello's amended complaint for failure to state a claim on February 6, 2017. Tomasello did not appeal the Fairfax County Circuit Court's decisions in *Tomasello II*.

- The complaint in *Tomasello III* alleges that Tomasello had the right to file and to prosecute her action against the FCFD and numerous FCFD officials in a Virginia state court and that the alleged conspiracy among Greenzweig, Reilly, and Lewis deprived Tomasello of her constitutional right to file and to prosecute her civil action.

- The *Tomasello III* complaint further alleges that the alleged conspiracy among Greenzweig, Reilly, and Lewis obstructed justice by precluding Tomasello from "attending [her civil action] or testifying in her civil action."[9]

## II.

The well-settled Rule 12(b)(6) motion to dismiss standard applicable here does not require extensive elaboration. As the Supreme Court has made clear, "[t]o survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, in making this determination the district court must "accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff]." *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015). But the district court is not bound to "accept as true a legal

---

[9] Complaint, Dkt. 1, at ¶ 68.

conclusion couched as a factual allegation." *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, the complaint must allege facts that, if true, plausibly satisfy each element of the claims for which relief is sought. Accordingly, the motion to dismiss must be granted if the complaint does not allege a sufficient factual basis to create a plausible inference that plaintiff is entitled to relief.

Equally well-settled is the standard applicable to defendants' Rule 12(b)(1) motion. Specifically, an action must be dismissed pursuant to Rule 12(b)(1) when a district court lacks subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006). Federal district courts are courts of limited jurisdiction, possessing only the jurisdiction granted by the U.S. Constitution and by federal statute. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The plaintiff bears the burden of establishing the district court's subject matter jurisdiction. *Strawn v. AT&T Mobility*, 530 F.3d 293, 296 (4th Cir. 2008). Accordingly, the motion to dismiss must be granted if the plaintiff has not established that there is subject matter jurisdiction to hear a claim.

### III.

Count I of the complaint alleges that defendants violated 42 U.S.C. § 1983 by depriving Tomasello of her right to file and to prosecute her civil action in Virginia state court, previously described as *Tomasello II*.[10] Because the complaint fails to allege facts showing that defendants deprived Tomasello of a right secured by the Constitution or laws of the United States, Count I must be dismissed with prejudice.

---

[10] *See* Part I *supra*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege (1) that the conduct complained of deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States, and (2) that this conduct was committed by a person acting under color of state law.[11] *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff Tomasello contends that she has met the first requirement because the complaint alleges that the purported conspiracy among the three defendants violated her "right to file and prosecute her action against FCFD and numerous FCFD officials in a Virginia state court..."[12] Specifically, the complaint alleges the following conduct: (i) Greenzweig allegedly threatened all of Tomasello's lawyers with sanctions motions and bar complaints; (ii) Lewis allegedly intentionally misrepresented to McMahon that McMahon had been admitted to the Fairfax County Circuit Court *pro hac vice*; and (iii) Greenzweig and Lewis allegedly intentionally scheduled two court hearings on dispositive motions in *Tomasello II* for dates on which Lewis could not be present. As a result of this alleged conduct, Tomasello claims that she did not have anyone to argue on her behalf at two Fairfax County Circuit Court hearings. The complaint does not state explicitly which of Tomasello's rights defendants' alleged conduct violated, but the complaint mentions the First Amendment and the Fourteenth Amendment.[13]

---

[11] Title 42 U.S.C. § 1983 provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[12] Complaint, Dkt. 1, at ¶ 62.

[13] *See id.* ("Tomasello, as a private individual who had been discriminated against for twenty years (20), *inter alia*, had the right to bring a civil action against her employer, the Deputy Fire Chief, and her colleagues, for damages she has sustained as a result of their tortious behavior. See, e.g., U.S. Const. amendments I, XIV.").

In this respect, the First Amendment protects the right of individuals "to petition the Government for a redress of grievances." U.S. Const., amend. I. The Supreme Court has made clear that "the right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011) (quoting *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896–897 (1984)). But of course the First Amendment does not entitle a plaintiff "to a favorable disposition of [her] claim." *Patchak v. Jewell*, 109 F. Supp. 3d 152, 164 (D.D.C. 2015), *aff'd*, 828 F.3d 995 (D.C. Cir. 2016), *aff'd sub nom. Patchak v. Zinke*, 138 S. Ct. 897 (2018). Instead, the First Amendment "safeguards only a citizen's right to *express* [her] grievance to a tribunal of competent jurisdiction." *Id.*[14]

Here, the record reflects that Tomasello *did* express her grievances to two tribunals of competent jurisdiction. But she complains that because her lawyers in *Tomasello II* did not follow appropriate procedures, she lost her case in *Tomasello II*. Nonetheless, she did not appeal the adverse decisions in *Tomasello I* or *Tomasello II*. Based on the public record and the factual allegations in the complaint, it is abundantly clear that defendants' alleged conduct did not deprive Tomasello of her First Amendment right to petition.

Specifically, the complaint appears to allege that Tomasello's First Amendment right was violated because her out-of-state lawyer, plaintiff McMahon, was prohibited from presenting oral argument at two Fairfax County Circuit Court hearings in *Tomasello II*. But McMahon's inability

---

[14] *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (holding that the First Amendment secures meaningful access to federal courts but does not provide a right to petition the courts in secret and that "Company Doe was not denied meaningful access to the courts [because] it litigated its claims and obtained the relief it was entitled to under the Administrative Procedure Act"); *Am. Bus Ass'n v. Rogoff*, 649 F.3d 734, 741 (D.C. Cir. 2011) (holding that Congressional interference with a decisionmaker's ability to grant the remedy that the plaintiffs seek did not violate the First Amendment right to petition because Congress's decision impacted the available remedies, not the right to petition protected by the First Amendment); *Minnesota State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 285 (1984) (holding that "[n]othing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues.").

to present oral argument on behalf of Tomasello in Fairfax County Circuit Court did not violate Tomasello's First Amendment right. In this respect, it is well-settled that Virginia's requirement that attorneys who practice in Virginia courts be members of the Virginia bar, or be admitted *pro hac vice* and accompanied by local counsel, is not a deprivation of Tomasello's First Amendment right to petition. *See Leis v. Flynt*, 439 U.S. 438, 443 (1979) ("There is no right of federal origin that permits [out-of-state] lawyers to appear in state courts without meeting that State's bar admission requirements."); *Belue v. Leventhal*, 640 F.3d 567, 577 (4th Cir. 2011) (noting that "no attorney has a due process right to pro hac vice status").[15] Accordingly, even assuming, *arguendo*, that the alleged conspiracy among the three defendants existed, Tomasello has no First Amendment right to have an out-of-state lawyer present oral argument on her behalf in a Virginia state court, and that is the only specific deprivation that Tomasello alleges in the complaint.[16] Accordingly, Tomasello's First Amendment right to petition was not violated by defendants, and that conclusion is underscored by the fact that the Fairfax County Circuit Court dismissed Tomasello's amended complaint on the merits, not for any reason having to do with the absence of oral argument on behalf of Tomasello at any hearing.

Moreover, the public record makes unmistakably clear that Tomasello was permitted to express her grievances against the FCFD on two separate occasions, once in federal court and once in Virginia state court. Defendants' alleged conduct did not deprive Tomasello of access to the courts on either occasion. Instead, Tomasello lost both of her lawsuits on the merits. Specifically,

_____

[15] *See also Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1048 (9th Cir. 2014) (holding that the Arizona bar's "Attorney on Motion" Rule does not deny meaningful access to Arizona courts).

[16] As further discussed *infra*, any alleged threats by Greenzweig to file sanctions motions or bar complaints did not violate Tomasello's rights. Moreover, the only alleged consequence of these alleged threats is that Tomasello did not have local Virginia counsel at two Fairfax County Circuit Court hearings, which as discussed does not constitute a violation of Tomasello's First Amendment right to petition.

in 2015 Tomasello filed a five-count complaint in the United State District Court for the Eastern District of Virginia against Fairfax County, alleging discriminatory and retaliatory treatment by the FCFD. *Tomasello I* concluded with the entry of summary judgment against Tomasello after the completion of discovery, and Tomasello did not appeal that judgment against her. *See Tomasello v. Fairfax Cty.*, No. 1:15-CV-95, 2016 WL 165708, at *27 (E.D. Va. Jan. 13, 2016). Tomasello does not allege here in *Tomasello III*, nor can she do so, that her First Amendment right to petition was infringed in *Tomasello I*.

Then in 2016, Tomasello filed a three-count complaint in Fairfax County Circuit Court against seventeen employees of FCFD. In February 2017, Fairfax County Circuit Court dismissed with prejudice all claims Tomasello's amended complaint for failure to state a claim against the seventeen defendants. Again, Tomasello did not appeal that adverse Virginia state court decision. Clearly, Tomasello's First Amendment right to file a grievance against the government has not been violated in bringing two separate cases against FCFD; Tomasello litigated and lost the claims that she brought in both *Tomasello I* and *Tomasello II*, and she did not appeal either of those adverse decisions.

Tomasello's allegation that defendants' alleged conspiracy violated her Fourteenth Amendment rights also fails (i) because her allegations are governed by the First Amendment and (ii) because the allegations are insufficient to state a substantive due process violation.[17] The Due Process Clause of the Fourteenth Amendment includes a "substantive component, which forbids the government to infringe on certain 'fundamental' liberty interests *at all*, no matter what process

---

[17] The complaint does not make clear whether Tomasello alleges a violation of her right to procedural due process or to substantive due process, but plaintiffs' briefs in opposition to the motions to dismiss filed in the District of Columbia argue only that Tomasello has alleged a violation of her Fourteenth Amendment right to substantive due process. *See* Plaintiffs' Brief in Opposition, Dkt. 12-1, at 34; Plaintiff's Brief in Opposition, Dkt. 15-1, at 15.

is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 301 (1993) (citations omitted). Substantive due process analysis "must begin with a careful description of the asserted right." *Id.*

Here, the complaint fails to describe the asserted right in a clear or careful manner. As noted, the complaint alleges that Tomasello "had the right to bring a civil action against her employer…[and Reilly] for damages she has sustained as a result of their tortious behavior."[18] In this respect, Tomasello's substantive due process claim fully overlaps with her First Amendment right to petition claim. And the Fourth Circuit has made clear that when "the First Amendment 'provides an explicit textual source of constitutional protection against' the particular sort of government behavior of which [she] complains in [her] substantive due process claim, the First Amendment, 'not the more generalized notion of substantive due process, must be the guide for analyzing' [her] claim." *Edwards v. City of Goldsboro*, 178 F.3d 231, 248 n.11 (4th Cir. 1999) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)). Accordingly, Tomasello's allegation that defendants violated her substantive due process rights under the Fourteenth Amendment must be dismissed because her allegations fall within the First Amendment's right to petition.

In any event, Tomasello's allegations are insufficient to allege a plausible substantive due process violation. Plaintiffs cite no authority recognizing a substantive due process "right to file," "right to prosecute," or "right to be heard" in a state court action. Moreover, the Supreme Court has made clear that "the touchstone of due process is the protection of the individual against arbitrary action of government" and that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46

---

[18] Complaint, Dkt. 1, at ¶ 62.

(1998) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). As the Supreme Court has stated, "the cognizable level of executive abuse of power" for a substantive due process claim is "that which shocks the conscience." *Id.* at 846.

The conduct alleged in plaintiffs' complaint, even if true, does not meet the "shock the conscience" standard; it comes nowhere close to meeting that high standard. *See Lewis*, 523 U.S. at 847 n.8 ("[I]n a due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience"). With respect to Greenzweig's alleged threats to file a motion for sanctions or a bar complaint against Tomasello's local Virginia counsels, opposing counsel would have had the right to oppose the motion for sanctions or defend against a bar complaint if any motions or complaints were filed. This alleged conduct—Greenzweig's alleged threats to file a motion for sanctions or a bar complaint—does not "shock the conscience;" it is a common aspect of contentious litigation with clear rules and procedures to prevent abuse and to allow for proper defense.

With respect to the alleged scheduling of motions hearings on dates when Tomasello's local Virginia counsel was unavailable, the public record provides no indication that the absence of oral argument on behalf of Tomasello had any impact on the outcome of *Tomasello II*, which the Fairfax County Circuit Court dismissed on the merits. Moreover, the complaint does not even allege that McMahon or Tomasello confirmed with Lewis that she was available to attend the Fairfax County Circuit Court hearings at issue. Instead, the complaint indicates that Lewis may have communicated her intention to withdraw as counsel *prior* to these Fairfax County Circuit Court hearings.[19] In which event, Tomasello and McMahon should have taken steps to obtain

---

[19] *See* Complaint, Dkt. 1, ¶ 4, 37 (Lewis informed McMahon that she could no longer serve as local counsel in mid-

another local Virginia counsel or should have informed the Fairfax County Circuit Court that they needed time to do so.[20] In any event, the proper remedy to challenge the Fairfax County Circuit Court's decision to dismiss Tomasello's amended complaint in *Tomasello II* would have been to appeal that decision, not to attempt to circumvent the decision by bringing a 42 U.S.C. § 1983 claim against these three defendants in federal district court. Accordingly, the complaint fails to provide any plausible factual basis that defendants violated Tomasello's substantive due process rights, even assuming the alleged conspiracy against Tomasello and McMahon existed.

To conclude otherwise, namely that defendants' alleged conspiracy deprived Tomasello of her First Amendment or her Fourteenth Amendment rights, would necessarily require a determination that the Fairfax County Circuit Court's decision to dismiss Tomasello's amended complaint for failure to state a claim was improper as a matter of law. But the well-settled *Rooker-Feldman* doctrine makes abundantly clear that "a state-court decision is not reviewable by lower federal courts" and therefore that evaluating the merits of the Fairfax County Circuit Court decision to dismiss Tomasello's amended complaint for failure to state a claim is not within the subject matter jurisdiction of the federal district courts. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (holding that the *Rooker-Feldman* doctrine is confined to cases "brought by state-court losers…inviting district court review and rejection of [the state court's] judgments").[21] Put simply, the injury alleged in Count I is the dismissal of Tomasello's amended complaint by the Fairfax County Circuit Court in *Tomasello II*,[22] and a federal district court is precluded from reviewing

---

to-late January 2017).

[20] Tomasello also had the option to proceed *pro se* if she had desired to do so.

[21] *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that "the United States District Court is without authority to review final determinations" made by state courts in judicial proceedings).

[22] Tomasello attempts to allege that her injury is deprivation of her right to file or to prosecute her civil action, but as noted, the alleged conspiracy did not deprive Tomasello of these rights. Despite plaintiffs' attempts to obfuscate the

15

the merits of a state court decision. Specifically, the Fairfax County Circuit Court dismissed Tomasello's amended complaint in *Tomasello II* on the merits for failure to state a claim;[23] the Fairfax County Circuit Court did *not* dismiss Tomasello's amended complaint for failure to prosecute or as a sanction for failure to appear with local Virginia counsel. Thus, a determination that Tomasello's amended complaint in *Tomasello II* was meritorious, and therefore that dismissal was improper, is necessary to conclude that Tomasello was deprived of any "right to prosecute" her civil action in Virginia state court; and such a determination is clearly precluded by the jurisdictional bar of the *Rooker-Feldman* doctrine.[24]

In sum, the First Amendment *only* safeguards "a citizen's right to *express* [her] grievance to a tribunal of competent jurisdiction,"[25] and Tomasello expressed her grievances to tribunals of competent jurisdiction in *Tomasello I* and *Tomasello II*. She lost those cases on the merits, but of course the First Amendment does not entitle a plaintiff "to a favorable disposition of [her] claim."[26] Moreover, she did not appeal the adverse decisions in *Tomasello I* or *Tomasello II*. Instead, she

---

injury alleged, the complaint makes clear that the actual injury for which Tomasello seeks to recover is the "thousands of dollars in damages for the malicious, intentional, and discriminatory acts perpetrated by her colleagues of [sic] FCFD." Complaint, Dkt. 1, ¶ 69. Moreover, plaintiffs' brief in opposition to Lewis's motion to dismiss makes clear that *Tomasello III* seeks to attack the Fairfax County Circuit Court decision in *Tomasello II*. *See* Brief in Opposition, Dkt. 15-1, at 19 ("[A]s a formality, the [Fairfax County Circuit] Court dismissed *Tomasello II* in an opinion a couple of weeks later based on the Motion for Reconsideration, although it really dismissed the case because Lewis was not present to oppose that Motion. Hence, [Lewis] was directly responsible for obstructing justice in *Tomasello II* by not allowing Tomasello's meritorious case to move forward."). Accordingly, it is obvious that plaintiffs seek review of the merits of the Fairfax County Circuit Court decision to dismiss *Tomasello II*. As noted, the *Rooker-Feldman* doctrine precludes federal district court review of state court judgments. *See Skinner*, 562 U.S. at 532.

[23] *See Wagner v. Shird*, 257 Va. 584, 588 (1999) ("[A] court speaks only through its written orders.).

[24] *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) ("A claim seeking redress for an injury caused by the state-court decision itself—even if the basis of the claim was not asserted to the state court—asks the federal district court to conduct an appellate review of the state-court decision.").

[25] *Patchak v. Jewell*, 109 F. Supp. 3d 152, 164 (D.D.C. 2015), *aff'd*, 828 F.3d 995 (D.C. Cir. 2016), *aff'd sub nom. Patchak v. Zinke*, 138 S. Ct. 897 (2018).

[26] *Id.*

16

now sues one of her former lawyers, the lawyer who prevailed against her, and one of the defendants in *Tomasello II*. But none of the conduct alleged in the complaint deprived Tomasello of any right secured by the Constitution or laws of the United States. At most, the complaint alleges procedural errors committed by McMahon and Lewis, Tomasello's lawyers, that resulted in an absence of oral argument on Tomasello's behalf at two Fairfax County Circuit Court hearings. Accordingly, Tomasello's § 1983 claim is baseless, and Count I must be dismissed with prejudice because any amendment would be futile.

## IV.

Count II of the complaint alleges that defendants violated 42 U.S.C. § 1985(2) by obstructing justice and "preclud[ing] [Tomasello] from attending or testifying in her civil action."[27] Count II must also be dismissed with prejudice because Tomasello's § 1985(2) claim is frivolous and fails to state a claim on which relief can be granted.

Section 1985(2) is a conspiracy statute, and it is pellucid that § 1985(2) does not provide plaintiff a cause of action here. To begin with, the Fourth Circuit has explained that:

> [t]o bring a claim under 42  U.S.C. § 1985, a plaintiff must show (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)).[28] Even assuming, *arguendo*, that plaintiffs' complaint

---

[27] Complaint, Dkt. 1, ¶ 68.

[28] Plaintiff contends that defendants violated the second clause of § 1985(2), and therefore the analysis above treats the complaint's § 1985(2) claim pursuant to the requirements to state a claim under the second clause of § 1985(2). In the event plaintiffs intended to state a claim under the first clause of § 1985(2), such a claim can be easily dispensed with here. The first clause of § 1985(2) applies only to a conspiracy that obstructs a federal court proceeding. *See* 42 U.S.C. § 1985(2) (first portion references "any court of the United States"); *see also Kush v.*

sufficiently alleges the existence of a conspiracy among the three defendants, the complaint fails

to allege *any* of the other four elements required to state a claim pursuant to § 1985(2).[29]

First, plaintiff has failed to allege that defendants' conduct was motivated by a "specific,

class-based, invidiously discriminatory animus," as required to state the second element of a

Section 1985(2) claim. *Thomas*, 841 F.3d at 637. There are no allegations in the complaint that the

alleged conspiracy among Lewis, Greenzweig, and Reilly was motivated by an invidious

discriminatory animus. Plaintiff alleges in a conclusory manner that the FCFD was a "racist" fire

department,[30] but even accepting that conclusory allegation as true, that allegation relates to the

FCFD, not the alleged conspiracy among Greenzweig, Reilly, and Lewis that allegedly impacted

Tomasello's right to litigate *Tomasello II*. Accordingly, the complaint fails to allege that

---

*Rutledge*, 460 U.S. 719, 724 (1983) (holding that the first portion of Section 1985(2) requires a nexus to "federal judicial proceedings"). Here, the complaint alleges that the supposed conspiracy obstructed a state court proceeding in *Tomasello II*, not a federal court proceeding, and thus the complaint fails to state a claim pursuant to the first clause of § 1985(2) as a matter of law. *See Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. 1981) (affirming dismissal of § 1985(2) claim that related to state court proceedings for failure to state a claim).

[29] The complaint alleges in a conclusory manner that a conspiracy existed among Greenzweig, Reilly, and Lewis during *Tomasello II*. It is assumed here that the alleged conspiracy existed. But the complaint nonetheless fails to state a claim for relief pursuant to either § 1983 or § 1985(2) even assuming, *arguendo*, that the alleged conspiracy existed.

Moreover, the complaint provides no plausible factual basis to conclude that a conspiracy existed among the three defendants. Of course, every client in a sense "conspires" with his or her lawyer to litigate the case. But there is no factual basis to assert that Tomasello's lawyer conspired with Tomasello's opponent and her opponent's lawyer. In this respect, the complaint merely alleges that the "number of emails" that Lewis exchanged with Greenzweig "convinced McMahon that Lewis was not just talking with Greenzweig to set dates for oral argument but was conferring with her to coordinate the dismissal" of *Tomasello II*. Complaint, Dkt. 1, at ¶ 31. But McMahon's mere supposition that Lewis would not exchange eighty emails with Greenzweig unless they were conspiring against Tomasello does not amount to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is perfectly normal for opposing attorneys to exchange far greater than eighty emails in the course of litigation. Accordingly, the complaint's baseless allegation that the existence of eighty emails between Lewis and Greenzweig establishes that a conspiracy existed among the three defendants is insufficient to survive a Rule 12(b)(6) motion. *Id.* at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. Pr. 8(a)). To hold otherwise, namely that the exchange of emails between opposing counsels is sufficient to allege a conspiracy, would convert every failed lawsuit into a subsequent conspiracy case against the lawyers. Such an absurd result is completely inappropriate.

[30] Complaint, Dkt. 1, at ¶ 1.

defendants' conduct was motivated by a specific, class-based, invidiously discriminatory animus, as required to state a claim pursuant to § 1985(2).

But even if Tomasello could (and did) allege class-based animus, her § 1985 claim would still clearly fail. As noted in Part III *supra*, the complaint fails to allege any plausible factual basis that the defendants' purported conspiracy deprived Tomasello of the equal enjoyment of rights secured by law, as required to state the third element of a § 1985(2) claim. To the contrary, the public record establishes that Tomasello litigated two cases against the FCFD and her FCFD colleagues and lost both of those cases on the merits.

Moreover, even assuming, *arguendo*, that defendants' alleged conspiracy violated Tomasello's legal rights (which it did not), plaintiff cannot show that defendants' alleged conspiracy caused an injury to Tomasello without challenging the Fairfax County Circuit Court decision dismissing Tomasello's amended complaint with prejudice. As noted in Part III *supra*, the jurisdictional bar of the *Rooker-Feldman* doctrine clearly precludes such an attempt to collaterally attack a state court judgment in federal district court. The complaint alleges that defendants' alleged conspiracy "precluded [Tomasello] from attending or testifying in her civil action,"[31] but (i) Tomasello had no right to testify in *Tomasello II* because that case was dismissed for failure to state a claim before any discovery or trial had occurred, and (ii) there is no allegation that Tomasello was prevented from attending any of the Fairfax County Circuit Court hearings in *Tomasello II* prior to the case's dismissal. Accordingly, the complaint fails to allege that defendants' purported conspiracy injured Tomasello as required to state a claim pursuant to Section 1985(2).

---

[31] Complaint, Dkt. 1, ¶ 68.

19

Finally, it follows that Tomasello cannot prove an overt act committed by defendants caused the alleged injury, namely the dismissal of *Tomasello II* by the Fairfax County Circuit Court, because *Tomasello II* was dismissed on the merits, not for failure to prosecute or as a sanction for failure to appear with local Virginia counsel. Put simply, the alleged conduct, namely Greenzweig's alleged threats of a sanctions motion and a bar complaint and the alleged scheduling of motions hearings on dates when Tomasello's local Virginia counsel could not be present, did not cause the alleged injury, the dismissal of *Tomasello II*. Thus, plaintiff also cannot plead facts that provide a plausible factual basis satisfying the fifth element required to state a claim pursuant to § 1985(2).

For the reasons set forth above, Count II must be dismissed with prejudice as amendment of Tomasello's § 1985(2) claim would be futile.

## V.

Because all of plaintiffs' federal claims, over which there is jurisdiction pursuant to 28 U.S.C. § 1331, have been dismissed with prejudice, plaintiffs' state-law claims in Counts III, IV, V, and VI will be dismissed without prejudice. When all federal claims in a case are dismissed, courts may, at their discretion, decline to exercise supplemental jurisdiction over the remaining claims.[32] *See* 28 U.S.C. § 1367 (c)(3) (permitting district courts to decline supplemental jurisdiction of state law claims where "the district court has dismissed all claims over which it has original jurisdiction"). That discretion is customarily exercised when all federal claims are

---

[32] The complaint only alleges that there is supplemental jurisdiction over the claims in Counts III, IV, V, and VI pursuant to 28 U.S.C. § 1367. *See* Complaint, Dkt. 1, at ¶ 7. In this respect, it is clear that there is neither federal question nor diversity jurisdiction over the claims alleged in Counts III, IV, V, and VI. *See* 28 U.S.C. § 1331 (federal question); *id.* § 1332 (diversity). The claims alleged in Counts III, IV, V, and VI arise pursuant to Virginia state law, not federal law. And the complaint makes clear that there is not complete diversity between the parties in this case. *See* Complaint, Dkt. 1, at ¶¶ 1-5. Accordingly, 28 U.S.C. § 1367 provides the only potential basis for federal district court jurisdiction over the claims alleged in Counts III, IV, V, and VI.

dismissed before trial. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial,...the state claims should be dismissed as well."), *cited in Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008) (dismissing state law claims without prejudice upon with-prejudice dismissal of all federal claims). Because no federal claims remain in this case and because plaintiffs' federal claims have been dismissed at this early, pre-discovery stage of the litigation, Counts III, IV, V, and VI of the complaint will be dismissed without prejudice to plaintiffs' ability to raise those state law claims in state court.

\*　　\*　　\*

For the reasons set forth above, Greenzweig and Reilly's motion to dismiss for failure to state a claim is granted, and Lewis's motion to dismiss for failure to state a claim is granted. Count I and Count II of the complaint are dismissed with prejudice. Counts III, IV, V, and VI of the complaint are dismissed without prejudice to plaintiffs' ability to raise those state law claims in state court.

An appropriate order will issue separately.

The Clerk is directed to provide a copy of this Opinion to all counsel of record and to plaintiffs at their address of record.

Alexandria, Virginia
May 13, 2020

/s/

T. S. Ellis, III
United States District Judge

21